IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARREN ROGERS,

                Plaintiff,               MEMORANDUM

    v.

                              08-cv-171-slc

WISCONSIN DEPARTMENT OF CORRECTIONS,
MATTHEW FRANKS,
RICHARD RAEMISCH,
CHERYL MAPLES,
WILLIAM GROSSHANS,
DENISE SYMDON,
MICHELLE ROSE,
JAY TAYLOR,
MARK MELLENTHIN,
MARIE FINLEY,
BRENT BOELKE,
TERRI REES,
LEANNE MOBERLY,
BREANDA STACY,
JULIE BASIL,
ROBERTA JOHNSON,
SHELLY TRIMBLE,
HOLLY CAMPBELL and
RITA DAMON,

                Defendants.

---

This case was transferred to this court from the United States District Court for the Eastern District of Wisconsin after plaintiff had been allowed to proceed on his Title VII claims against the Wisconsin Department of Corrections and on his 42 U.S.C. § 1983 claims against defendants Matthew Franks, Richard Raemisch, Cheryl Maples, William Grosshans, Denise Symdon, Michelle Rose, Jay Taylor, Mark Mellenthin, Marie Finley, Brent Boelke, Terri Rees, Leanne Moberly, Breanda Stacy, Julie Basil, Roberta Johnson, Shelly Trimble, Holly Campbell and Rita Damon.

On April 6, 2007 the court directed the United States Marshal to serve the defendants with the plaintiff's complaint.

On November 16, 2007 defendants Wisconsin Department of Corrections, Matthew Franks, Richard Raemisch, Cheryl Maples, William Grosshans, Denise Symdon, Michelle Rose, Jay Taylor, Mark Mellenthin, Terri Rees, Shelly Trimble, and Rita Damon filed waiver of service forms.  These defendants had previously filed an answer on June 11, 2007.  The remaining defendants have not been served.  Although the United States Marshal mailed waiver packages to these defendants, the packages for Marie Finley, Brent Boelke, Breanda Stacy, Julie Basil, Roberta Johnson and Holly Campbell were returned as undeliverable.  Defendant Leanne Moberly returned the waiver of service form unsigned.

Therefore, the clerk of court has prepared Marshals Service and summons forms for defendants Marie Finley, Brent Boelke, Leanne Moberly, Breanda Stacy, Julie Basil, Roberta Johnson and Holly Campbell and is forwarding copies of the complaint and completed forms to the United States Marshal for service on those defendants.

In completing the Marshals Service forms, the clerk has not provided forwarding addresses because this information is unknown.  It will be up to the marshal to make a reasonable effort to locate the defendants by contacting their former employer (in this case, the Department of Corrections) or conducting an Internet search of public records for the defendants' current addresses or both.  *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal to make reasonable effort to obtain current address). Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in *Sellers*, the court of appeals recognized the security concerns that arise when prisoners have access to the personal addresses of former or current prison employees. *Sellers*, 902 F.2d at 602. For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the Internet. If the marshal is successful in obtaining the defendant's personal address, he is to maintain that address in confidence rather than reveal it on the marshals service forms, because the forms are filed in the court's public file and mailed to the plaintiff after service is effected.

Entered this 3rd day of April, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge