IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARREN ROGERS,

                Plaintiff,              ORDER

    v.

                                          08-cv-171-slc

WISCONSIN DEPARTMENT OF CORRECTIONS,
MATTHEW FRANK,
RICHARD RAEMISCH,
CHERYLL MAPLES,
WILLIAM GROSSHANS,
DENISE SYMDON,
MICHELE ROSE,
JAY TAYLOR,
MARK MELLENTHIN,
MARIE FINLEY,
BRENT BOEHLKE,
TERRI REES,
LEANNE MOBERLY,
BREANDA STACEY,
JULIE BASEL,
ROBERTA JOHNSON,
SHELLY TRIMBLE,
HOLLY CAMPBELL n/k/a Holly Osowski, and
RITA DAMON,

                Defendants.

---

      This case was filed in November of 2005 in the Eastern District of Wisconsin. On May 31, 2006, the Hon. Charles Clevert 1) granted plaintiff's motion for leave to proceed in forma pauperis on his claim under Title VII of the Civil Rights Act of 1964 against the Wisconsin Department of Corrections (plaintiff alleged that he had been terminated from his job because of his race); and 2) stayed a decision whether plaintiff could proceed on his

1

claims of retaliation and race discrimination against the individual defendants under 42 U.S.C. § 1983. With respect to the latter claims, the court directed plaintiff to file an amended complaint explaining how each individual defendant caused or participated in the alleged deprivation of his constitutional rights. Plaintiff complied with the court's order and, on April 6, 2007, Judge Clevert granted plaintiff leave to proceed <u>in forma pauperis</u> against the individual defendants. In this order, Judge Clevert directed the United States Marshal to serve the defendants with plaintiff's complaint using the waiver of service method authorized under Fed. R. Civ. P. 4(d)(1).

On June 11, 2007, defendants Wisconsin Department of Corrections, Matthew Frank, Richard Raemisch, Cheryll Maples, William Grosshans, Denise Symdon, Michele Rose, Jay Taylor, Mark Mellenthin, Terri Rees, Leanne Moberly, Shelly Trimble and Rita Damon answered plaintiff's amended complaint, acknowledging that they had waived service of a summons. Defendants asserted, however, that defendants Marie Finley, Brent Boehlke, Brenda Stacey, Julie Basel, Roberta Johnson and Holly Campbell, n/k/a Holly Osowski, had not been served and therefore, that they were not answering on behalf of these defendants. At that point, the ball appears to have been dropped. There is no indication in the record that the clerk of court contacted the Marshal to determine the status of service on the unserved defendants. Instead, the answering defendants filed a motion to change venue on August 28, 2007. Nearly seven months later, the court granted the motion and transferred the case to this court. In the meantime, on November 16, 2007, the United States Marshal filed process and receipt forms indicating that although waiver packages had been sent on

April 13, 2007 to the defendants who had not answered the complaint, Leanne Moberly, had not returned the waiver form, Roberta Johnson's package had been returned for lack of a sufficient address, and Brenda Stacy's (properly spelled Stacey), Julie Basil's (properly spelled Basel), Brent Boelke's (properly spelled Boehlke), Marie Finley's and Holly Campbell's (n/k/a Holly Osowski) packages had been returned "undeliverable" at the address provided. (Plaintiff gave as all of these defendants' addresses "3099 E. Washington Ave., Madison, WI").

Shortly after the suit arrived in this district on March 26, 2008, I sent the United States Marshal in this district summons forms and copies of the amended complaint and directed that the marshal effect personal service of process on defendants Johnson, Stacey, Basel, Boehlke, Finley and Campbell/Osowski.[1] I noted that although the clerk could not provide the marshal forwarding addresses for the defendants, it would be up to him to make a reasonable effort to locate them by contacting their former employer (the Department of Corrections) or conducting an Internet search of public records for the defendants' current addresses or both. Later, on April 8, 2008, I rescinded that order noting, erroneously,

> It now appears that the remaining defendants can be effectively served pursuant to this court's service agreement with the Wisconsin Attorney General's Office. Service in this fashion is more efficient for the marshals service and less burdensome on the attorney general. Therefore, I hereby authorizing [sic] the marshals service to complete service pursuant to the

---

[1] Unfortunately, I did not notice at that time that the caption of plaintiff's complaint had been amended by order of the Eastern District of Wisconsin court on June 12, 2007, to correct the spelling of the names of defendants Boehlke, Stacey and Basel and to show the new name of defendant Campbell. Those changes have been reflected in the caption and throughout this order.

3

standard agreement.

Unfortunately, I was unaware at the time that the service agreement between this court and the Attorney General's office covers lawsuits filed by inmates in Wisconsin's prisons only, and not lawsuits filed by other individuals against Department of Corrections employees. Therefore, the April 8, 2008 order must be vacated and the March 26, 2008 order reinstated. Defendants Johnson, Stacey, Basel, Boehlke, Finley and Campbell/Osowski are to be served personally. However, I will allow the marshal to delay service until June 30, 2008, for the reason that it is not clear that plaintiff remains interested in prosecuting this case. He has not communicated with this court since the case was transferred here in March, and his last communication with the Eastern District of Wisconsin was on October 17, 2007, when he filed a brief in opposition to defendants' motion to change venue. If plaintiff is no longer interested in prosecuting this case, it would be a waste of the marshal's time to pursue service on the unserved defendants.

ORDER

IT IS ORDERED that

1. The order issued by this court on April 10, 2008 is VACATED;

2. The order issued by this court on April 3, 2008 is REINSTATED.

3. No later than June 30, 2008, plaintiff is to advise the court and opposing counsel, in writing, whether he remains interested in prosecuting this case. If, by June 30, 2008, plaintiff fails to respond to this order, an order will be entered dismissing his case. If,

however, by June 30, 2008, plaintiff advises the court and opposing counsel that he is interested in prosecuting this case further, the United States Marshal is to act immediately to make personal service of plaintiff's amended complaint on the unserved defendants. New service packets are enclosed to the marshal with a copy of this order.

Entered this 20th day of June, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge