IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| DARREN ROGERS, | OPINION AND ORDER |
| Plaintiff, | |
| | 08-cv-171-bbc |
| v. | |
| WISCONSIN DEPARTMENT OF CORRECTIONS, a state governmental agency, MATTHEW FRANK, individually, RICHARD RAEMISCH, individually, CHERYLL MAPLES, individually, WILLIAM GROSSHANS, individually, DENISE SYMDON, individually, MICHELE ROSE, individually, JAY TAYLOR, individually, MARK MELLENTHIN, individually, MARIE FINLEY, individually, BRENT BOEHLKE, individually, TERRI REES, individually, LEANNE MOBERLY, individually, BREANDA STACEY, individually, JULIE BASEL, individually, ROBERTA JOHNSON, individually, SHELLY TRIMBLE, individually, HOLLY CAMPBELL n/k/a Holly Osowski, individually, and RITA DAMON, individually, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff is suing defendant Wisconsin Department of Corrections under

Title VII of the Civil Rights Act of 1964 and the remaining defendants under 42 U.S.C. §

1983, for discriminating against him on the basis of his race and sex when they terminated

1

him from his job as a Senior Probation and Parole Agent for the defendant Department of Corrections on March 15, 2005, and then retaliated against him for filing a complaint with the EEOC by "tampering" with the witnesses he planned to bring to his EEOC hearing. Presently before the court is defendants' motion to revoke plaintiff's in forma pauperis status.  Before I address that motion, a review of the tortured history of the case may be helpful.

Originally, this case was filed in November of 2005 in the Eastern District of Wisconsin.  On May 31, 2006, the Hon. Charles Clevert 1) granted plaintiff's motion for leave to proceed in forma pauperis on his claim under Title VII of the Civil Rights Act of 1964 against the Wisconsin Department of Corrections (plaintiff alleged that he had been terminated from his job because of his race); and 2) stayed a decision whether plaintiff could proceed on his claims of retaliation and race discrimination against the individual defendants under 42 U.S.C. § 1983.  With respect to the latter claims, the court directed plaintiff to file an amended complaint explaining how each individual defendant caused or participated in the alleged deprivation of his constitutional rights. Plaintiff complied with the court's order and, on April 6, 2007, Judge Clevert granted plaintiff leave to proceed in forma pauperis against the individual defendants.  In this order, Judge Clevert directed the United States Marshal to serve the defendants with plaintiff's complaint using the waiver of service method authorized under Fed. R. Civ. P. 4(d)(1).

2

On June 11, 2007, defendants Wisconsin Department of Corrections, Matthew Frank, Richard Raemisch, Cheryll Maples, William Grosshans, Denise Symdon, Michele Rose, Jay Taylor, Mark Mellenthin, Terri Rees, Leanne Moberly, Shelly Trimble and Rita Damon answered plaintiff's amended complaint, acknowledging that they had waived service of a summons.  Defendants asserted, however, that defendants Marie Finley, Brent Boehlke, Brenda Stacey, Julie Basel, Roberta Johnson and Holly Campbell, n/k/a Holly Osowski, had not been served and therefore, that they were not answering on behalf of these defendants. On November 16, 2007, the United States Marshal filed process and receipt forms indicating that although waiver packages had been sent on April 13, 2007 to the defendants who had not answered the complaint, Leanne Moberly,  had not returned the waiver form, Roberta Johnson's package had been returned for lack of a sufficient address and packages sent to Brenda Stacy (properly spelled Stacey), Julie Basil (properly spelled Basel), Brent Boelke (properly spelled Boehlke), Marie Finley and Holly Campbell (n/k/a Holly Osowski) had been returned "undeliverable" at the address provided.  (Plaintiff gave as all of these defendants' addresses "3099 E. Washington Ave., Madison, WI").  No further action was taken with respect to the unserved defendants while the case was pending in the Eastern District court.

On August 28, 2007, the answering defendants moved for a change of venue to this court. On March 20, 2008, the court granted the motion and transferred the case.  After the

3

suit arrived in this district, the magistrate judge noted that not all the defendants had been served. Therefore, in an order dated March 26, 2008, the magistrate judge sent the United States Marshal in this district summons forms and copies of the amended complaint and directed him to effect personal service of process on defendants Johnson, Stacey, Basel, Boehlke, Finley and Campbell/Osowski. Later, on April 8, 2008, the magistrate judge rescinded the March 26 order erroneously, on the assumption that the unserved defendants could be served through the informal service agreement between this court and the Attorney General's office. When the magistrate judge later learned that the informal service agreement covers lawsuits filed by inmates in Wisconsin's prisons only, and not lawsuits filed by other individuals against Department of Corrections employees, he promptly entered an order on June 20, 2008, vacating the April 8 order and reinstating the March 26 order. In the June 20 order, however, the magistrate judge noted that plaintiff had not communicated with either this court or the Eastern District court for several months. Therefore, he asked the marshal to delay making personal service of plaintiff's complaint on defendants Johnson, Stacey, Basel, Boehlke, Finley and Campbell/Osowski to allow plaintiff to confirm in writing that he remained interested in prosecuting the case. On June 30, 2008, plaintiff advised the court and opposing counsel that he intended to pursue prosecution of the case. However, before plaintiff filed this response, defendants moved to revoke plaintiff's in forma pauperis status on the ground that plaintiff was not truthful when he

4

reported his income in his affidavit of indigency. Because the question whether plaintiff is entitled to proceed in forma pauperis in this case has a direct impact on matters relating to service of process, the magistrate judge entered an order on July 2, 2008, staying the requirement that the marshal serve plaintiff's complaint on the unserved defendants.

On July 3, 2008, the court set briefing on defendants' motion to revoke plaintiff's in forma pauperis status. Pursuant to that schedule, plaintiff was to respond to the motion no later than July 15, 2008. He has not done so. Therefore, the motion is now ripe for review.

In support of their motion, defendants have submitted authenticated copies of plaintiff's state and federal tax returns obtained from the Wisconsin Department of Revenue for the years 2004, 2005, 2006 and 2007. (Under Wis. Stat. 371.78(4)(b), department of justice employees may examine tax returns; whether they can use them for the purpose for which they are submitting them in this case is another question. In the absence of any objection from plaintiff, I will not address the question but I will order the returns to be kept under seal.) Of critical importance is plaintiff's 2005 tax return, which reflects plaintiff's earnings from January through November 6, 2005, the date plaintiff signed the affidavit of indigency he filed in this case. This time frame is important, because the form for an affidavit of indigency that plaintiff completed for this case required him to disclose all sources of income he received in the 12-month period immediately preceding the date he signed the affidavit.

5

Plaintiff averred in his affidavit that the only money he had received in the prior 12 months was $750 a month in wages from St. Johns Northwestern Military Academy, where he stated he was presently employed. On his 2005 federal income tax return, however, plaintiff reported a total income of $27,887 for the year, comprising $8800 from St. Johns Northwestern, $12,242 from the State of Wisconsin in wages and $6845 from the state in unemployment compensation. Because plaintiff alleges in his complaint that his employment with the State of Wisconsin was terminated on March 15, 2005, the $12,242 he reported on his tax return as having been earned from his employment with the state was obviously omitted from his affidavit of indigency, as was the $6845 plaintiff reported on his tax forms as having received from unemployment compensation before he was hired by St. Johns Northwestern. Given plaintiff's statement that he was an employee of St. Johns on November 6, 2005, and the W-2 form attached to plaintiff's 2006 tax returns showing he remained employed with St. Johns Northwestern into 2006, it is not reasonable to assume that plaintiff received the $12,242 in state wages and $6845 in unemployment compensation *after* November 6, 2005. Thus, it seems that plaintiff committed a fraud upon the court when he reported that his only source of revenue in the 12-month period between November 6, 2004 and November 6, 2005 was $750 a month in wages from St. Johns Northwestern.

District court judges have the authority to withdraw a grant of leave to proceed in

6

forma pauperis and sanction a plaintiff for intentional fraud upon the court. Plaintiff's silence in response to defendants' motion is persuasive evidence that he is unable to rebut defendants' contention that he intentionally made false statements on his affidavit of indigency. Therefore, the grant of leave to proceed in forma pauperis in this action will be withdrawn forthwith. The only question remaining is what is the appropriate sanction.

At least two courts of appeals have held that dismissal with prejudice is an appropriate sanction when a litigant submits a false affidavit of indigency in support of a request for leave to proceed in forma pauperis. Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 306-07 (7th Cir. 2002) ("Dismissal with prejudice may have been the only feasible sanction for this perjury designed to defraud the government."); Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) ("This court has held that dismissal with prejudice is an appropriate sanction in cases involving a bad-faith misstatement of assets."). Although I am inclined to believe that dismissal with prejudice is an appropriate sanction in this case, I will allow plaintiff an opportunity to be heard on the matter before issuing such an order.

ORDER

IT IS ORDERED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status is GRANTED; and

7

2. Plaintiff may have until August 15, 2008, in which to show cause, if any there be, why this case should not be dismissed with prejudice for his attempt to perpetrate a fraud upon the federal courts. If, by August 15, 2008, plaintiff fails to respond to this order, then I will dismiss the case, with prejudice, and direct the clerk of court to enter judgment for the defendants.

3. The clerk of court is directed to seal plaintiff's state and federal tax returns.

Entered this 4th day of August, 2008.

                                          BY THE COURT:

                                          /s/
                                      _____
                                      BARBARA B. CRABB
                                      District Judge